692 So.2d 514 (1997)
Dewey JOHNSON, et ux., Plaintiffs-Appellants,
v.
LAKE CHARLES MEMORIAL HOSPITAL, et al., Defendants-Appellees.
No. 96-1178.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
Writ Denied May 9, 1997.
*515 J. Minos Simon, Lafayette, Jody Edward Anderman, Baton Rouge, Carl T. Conrad, for Dewey and Danita Johnson.
John Stanton Bradford, Robert W. Clements, Benjamin Joseph Guilbeau, Lake Charles, for Lake Charles Memorial Hosp., et al.
John E. Bergstedt, Lake Charles, for Dr. William F. Foster.
James R. Shelton, Lafayette, for Dennis Clark et al.
Russell Louis Sylvester, Natchitoches, for Insurance Co. of North America.
Before DECUIR, AMY and SULLIVAN, JJ.
DECUIR, Judge.
This is an appeal by Dewey and Danita Johnson from the jury verdict and judgment in favor of defendants, Dr. William F. Foster and Lake Charles Memorial Hospital. Plaintiffs assert the following assignments of error: (1) The jury, and thereby the trial court in entering judgment upon the jury verdict, erred in failing to find that plaintiffs proved Dr. William F. Foster breached the standard of care proven by plaintiffs; (2) The jury, and thereby the trial court in entering judgment upon the verdict, erred in failing to find that plaintiffs proved the standard of care applicable to Lake Charles Memorial Hospital; (3) The jury, and thereby the trial court in entering judgment upon the verdict, erred in failing to find that Lake Charles Memorial Hospital breached the standard of care; and (4) The jury, and thereby the trial court in entering judgment upon the verdict, erred in failing to award damages.
Plaintiffs instituted a medical malpractice action against the defendants for injuries allegedly sustained by Dewey Johnson during an anterior cervical discectomy performed by Dr. Foster, a neurosurgeon, at Lake Charles Memorial Hospital on August 9, 1989. According to plaintiffs, Mr. Johnson was at tremendous risk of developing infection and of incomplete or improper healing due to his diabetic condition of which defendants were fully aware. Plaintiffs contend that perforation of Dewey Johnson's esophagus occurred during the surgical procedure performed by Dr. Foster which resulted in a *516 multiple-organism bacterial infection in the throat.
After trial on the merits, the jury rendered a verdict finding that plaintiffs proved the standard of care applicable as to Dr. Foster, but failed to prove that Dr. Foster breached that standard in his treatment of the plaintiff. As to Lake Charles Memorial Hospital, the jury found that the plaintiffs failed to prove the applicable standard of care and failed to prove that Lake Charles Hospital breached the standard of care in relation to Dewey Johnson. Plaintiffs filed a motion for judgment notwithstanding the verdict which was heard and denied by the trial judge. Thereafter, plaintiffs perfected this appeal. The basis of plaintiffs' arguments on appeal are the seemingly inconsistent jury findings.

The Law
This court may not set aside the jury's findings of fact in the absence of manifest error or unless those findings are clearly wrong, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the factfinder's choice between these views cannot be manifestly erroneous. Id. Credibility calls are the function and prerogative of the trial court. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). An appellate court must review the record in its entirety to determine whether the findings of the trier of fact are clearly wrong or manifestly erroneous. Stobart v. State Department of Transportation and Development, 617 So.2d 880 (La.1993).
Our supreme court outlined the burden of proof and appellate standard of review in medical malpractice actions in Martin v. East Jefferson General Hospital, 582 So.2d 1272, 1276-1277 (La.1991) as follows:
In a medical malpractice action against a physician, the plaintiff carries a two-fold burden of proof. The plaintiff must first establish by a preponderance of the evidence that the doctor's treatment fell below the ordinary standard of care expected of physicians in his medical specialty, and must then establish a causal relationship between the alleged negligent treatment and the injury sustained. LSA-R.S. 9:2794; Smith v. State through DHHR, 523 So.2d 815, 819 (La.1988); Hastings v. Baton Rouge General Hospital, 498 So.2d 713, 723 (La.1986). Resolution of each of these inquires are determinations of fact which should not be reversed on appeal absent manifest error. Housley v. Cerise, 579 So.2d 973 (La., 1991); Smith, 523 So.2d at 822; Rosell v. ESCO, 549 So.2d 840 (La.1989); Hastings, 498 So.2d at 720....
* * * * * *
.... "if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).... where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d at 844; Housley, supra. (Emphasis added).
This court stated in Charpentier v. Lammico Ins. Co., 606 So.2d 83, 85 (La.App. 3 Cir.1992):
The law does not require perfection in medical diagnoses and treatment. On the contrary, a doctor's professional judgment and conduct must be evaluated in terms of reasonableness under the then existing circumstances, not in terms of results or in light of subsequent events. Broadway v. St. Paul Insurance Co., 582 So.2d 1368 (La.App. 2d Cir.1991), and the cases cited therein. When the alleged negligence of a specialist is at issue, only those qualified in that specialty may offer expert testimony and evidence of the applicable standard of care. Fox v. Our Lady of Lourdes Regional Medical Center, 550 So.2d 379 (La. App. 3rd Cir.1989), writs denied, 556 So.2d 1263 and 556 So.2d 1264 (La.1990). When the expert opinions contradict concerning compliance with the applicable standard *517 of care, the trial court's conclusions on this issue will be granted great deference. It is the sole province of the factfinder to evaluate the credibility of such experts and their testimony. Arceneaux, supra; Broadway, supra.

Dr. William F. Foster
Plaintiffs' expert Dr. George Schoedinger, an orthopedic surgeon, testified that damage to the esophagus in the performance of an anterior cervical dissection is in and of itself an act of malpractice, and that absent negligence, the esophagus should not be injured. Plaintiffs contend that the jury erred in finding that Dr. Foster by allegedly cutting plaintiff's esophagus during surgery did not breach the standard of care purportedly established by Dr. Schoedinger's testimony. It is plaintiffs' contention that only the testimony of their expert, Dr. George Schoedinger, was offered to establish the standard of care, and that Dr. Schoedinger simultaneously identified the breach of that standard of care. Plaintiffs contend, therefore, that since the jury found that plaintiffs had established the standard of care, it must necessarily find that standard was breached by Dr. Foster. We reject this argument for the following reasons.
We note from our review of the record that the jury was confronted with evidence from other medical experts as to the standard of care. In determining the standard of knowledge, skill and care for a physician, the trier of fact looks to the testimony of other experts in the physician's field. Kile v. Louisiana Medical Mutual Ins. Co., 615 So.2d 564, 566 (La.App. 3 Cir.), writ denied 617 So.2d 933 (La.1993). La.R.S. 9:2794(A) requires that the plaintiff in a medical malpractice action establish the existence of the standard of care, breach of the standard of care, and resulting damages. Additionally, La.R.S. 9:2794(C) requires that the jury in medical malpractice actions be instructed that injury alone does not raise a presumption of the physician's negligence. While it is the plaintiff's burden to establish the standard of care, the defendant may also put forth evidence relating to the standard of care, which was obviously done in this case.
First, the opinion of the medical review panel, consisting of two neurosurgeons and one head and neck surgeon, was entered into evidence. The opinion stated: "The evidence does not support the conclusion that the defendants failed to comply with the appropriate standard of care as charged in the complaint." Specifically as to Dr. Foster, the medical review panel found that although it was likely perforation of the esophagus occurred during the surgery by Dr. Foster, this recognized complication is rare, and no deviation from the standard of care can be attributed to Dr. Foster during the surgery or during his post-operative care of Mr. Johnson.
Dr. Owen Moore, Jr., a neurosurgeon who served on the medical review panel, Dr. Gerald Litel, a neurosurgeon who took calls for Dr. Foster following the surgery, Dr. Anil Nanda, a neurosurgeon called by defendants, and Dr. Donald Vines, the general surgeon who performed an esophagoscopy on Mr. Johnson, all testified that a tear to the esophagus during the type surgery performed is not in and of itself an act of negligence and that there was no breach of the standard of care by Dr. Foster. In fact, Dr. Nanda is of the opinion that the esophagus was not perforated at the time of surgery. And Dr. Vines testified he could not say the perforation was due to a tear during the surgery by Dr. Foster, because such a perforation could be caused by an inflammatory component or extrinsic compression since the esophagus has a very thin lining and a very thin muscular coating.
Dr. Shoedinger was the only expert to testify that cutting of the esophagus during the surgical procedure by Dr. Foster was in and of itself a breach of the standard of care. The jury clearly rejected Dr. Schoedinger's testimony and found no breach of the standard of care by Dr. Foster. This finding is clearly supported by the record evidence and testimony.
We conclude that the jury's verdict findings relating to the standard of care and whether there was a breach of that standard by Dr. Foster are not inconsistent given the fact that the jury was confronted with evidence from other medical experts as to the *518 standard of care. Based upon the evidence and testimony presented at trial, the jury's finding that Dr. Foster did not breach the standard of care is not clearly wrong.

Lake Charles Memorial Hospital
Plaintiffs contend that the hospital was exonerated on the jury's irreconcilable findings that plaintiffs failed to prove the standard of care and, further, failed to prove a breach of that standard of care which was unproved. Any error the jury may have made in the jury verdict form, does not diminish the fact that the jury found no negligence on the part of Lake Charles Memorial. Furthermore, such an error in the case sub judice is harmless. Plaintiffs produced no expert witnesses to prove a breach of any standard of care on the part of the hospital, and Dr. Schoedinger, plaintiff's own expert, had no criticisms of the hospital. The testimony of the treating physicians all reflect favorably on the hospital personnel. Additionally, the medical review panel found no deviation from the standard of care by the hospital. The record reflects that several other witnesses called to testify on behalf of the hospital all testified that the care and treatment rendered was appropriate.
Applying the manifest error standard of review, we find no error in the jury's finding of no negligence on the part of Lake Charles Memorial Hospital.
Having found no error in the jury's findings as stated above, we find no error in the jury's failure to award damages.
The jury verdict and judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.